**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| TIPHONY MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO.: 1:21-CV-05186-SDG |
| v. | ) | |
| | ) | |
| TIDAL WAVE RESPONSE, LLC | ) | JURY TRIAL DEMANDED |
| and JOHN MYERS, | ) | |
| | ) | |
| Defendants. | ) | |

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES**

## I. INTRODUCTION AND BACKGROUND

Plaintiff Tiphony Marshall's favorable jury verdict (Doc. 43) is the result of several years' effort by her attorneys, undertaken pursuant to a contingent fee agreement under which they receive no payment until they obtain a monetary recovery for their client. Ms. Marshall's attorneys investigated the case before filing, litigated it before this Court, and won a favorable jury verdict *on all claims*.

Ms. Marshall engaged Buckley Bala Wilson Mew LLP (then Buckley Beal LLP) to represent her on August 24, 2021, a few weeks after she was constructively discharged due to the Defendants' egregious race discrimination and harassment. On December 20, 2021, Ms. Marshall filed a lawsuit in the Northern

District of Georgia and asserted claims of discrimination and retaliation in violation of her rights under 42 U.S.C. § 1981. (Doc. 1). The Defendants defaulted and failed to timely file answers. By Order dated January 3, 2023, the District Court entered a default judgment as to liability against the Defendants on the 42 U.S.C. § 1981 race discrimination and retaliation claims. (Doc. 9).

By leave of Court, Plaintiff filed a supplemental Complaint for race discrimination under Title VII, sex discrimination and sexual harassment under Title VII, and retaliation under Title VII. (Doc. 12). The Defendants again defaulted and, by Order dated June 26, 2023 (Doc. 22), the District Court entered a default judgment as to liability for each of Plaintiff's Title VII claims and Plaintiff's claim for punitive damages.

The case was then specially set for a damages trial beginning November 1, 2023. (Doc. 25). On the eve of trial, the Defendants, through legal counsel, entered an appearance in the case and filed a motion for continuance. (Docs. 37, 38). The District Court denied Defendants' motion for continuance. Inexplicably, "[c]ounsel for Defendants declined to participate in the jury trial and were excused." (Doc. 40). Defendant John Myers, who could have proceeded pro se, also refused to participate in the jury trial.

A jury trial on damages was held on November 1, 2023 and November 2,

2023 (Docs. 40, 41). On November 2, 2023, the jury returned a verdict (Doc. 43) as follows: (i) damages against Defendant Tidal Wave Response, LLC in the amount of $50,113.82 to compensate Plaintiff for a net loss of wages and benefits; (ii) damages against both Defendants under the 42 U.S.C. § 1981 claims in the amount of $300,140.00 to compensate Plaintiff for her emotional pain and mental anguish; (iii) damages against Defendant Tidal Wave Response, LLC for Title VII sex discrimination, sexual harassment and retaliation in the amount of $20,140.00 to compensate Plaintiff for her emotional pain and mental anguish; (iv) punitive damages against Defendant John Myers under 42 U.S.C. § 1981 in the amount of $3,000,000.00; and (v) punitive damages against Defendant Tidal Wave Response, LLC under 42 U.S.C. § 1981 in the amount of $50,000.00.

The case is now ripe for an award of attorneys' fees and expenses. Ms. Marshall respectfully petitions the Court to award her $166,407.50 in attorneys' fees through January 30, 2024. [*See* Plaintiff's counsels' itemized time entries attached as Exhibit B]. She also asks the Court to award her $4,670.10 in expenses, including expenses necessary to her case but are not recoverable via a standard Bill of Costs. [*See* Bill of Costs attached as Exhibit A].

Ms. Marshall prevailed against Defendants after a two-day jury trial. The time records submitted with this petition, the declarations of Ms. Marshall's

attorneys, and the declaration of attorney Amanda A. Farahany tell the story of Plaintiff's counsel's efforts and attest to the necessity and reasonableness of the time devoted, and the rates requested.

Employment cases are difficult to bring and very difficult to win. Many are lost at summary judgment; others are lost at trial; still more are lost on appeal. Most plaintiffs, like Ms. Marshall, cannot pay their attorneys by the hour, and their counsel must assume enormous risk to prosecute the cases on a contingent fee basis and then to collect if they are successful in obtaining a judgment for their client. The private plaintiff's bar is by far the most important mechanism for enforcing federal employment laws. Both 42 U.S.C. § 1988(b) (1981 race discrimination and retaliation claims) and 42 U.S.C § 2000e-2000e17 (Title VII discrimination and retaliation claims) provide for an award of a reasonable attorneys' fee and expenses to a "prevailing party." Ms. Marshall is a prevailing party and respectfully requests the Court award attorneys' fees and expenses incurred through January 30, 2024.[1]

[1] Attorneys should also be compensated for the time reasonably expended in seeking an award of fees from the Court. *Jonas v. Stack,* 758 F.2d 567 (11th Cir. 1985); *Johnson v. University Coll. of Univ. of Ala. Birmingham*, 706 F.2d 1205, 1207 (11th Cir. 1983). Plaintiff's counsel therefore includes here the hours billed through January 30, 2024 and will later supplement this claim with any hours after these dates.

## II. ARGUMENT AND CITATIONS OF AUTHORITY

As recipient of a jury verdict awarding damages, including punitive damages, on each of her 42 U.S.C. § 1981 and Title VII discrimination claims, Ms. Marshall is unquestionably a "prevailing party" as to both Defendants. *See, e.g.*, *Texas Teachers Association v. Garland Independent School District*, 489 U.S. 782, 791-93 (1989). Plaintiff is therefore entitled to an award of her reasonable attorneys' fees and expenses. The reasonableness of attorneys' fees and expenses is determined via the "lodestar" method, *i.e.* the attorneys' reasonable hourly rates multiplied by the number of hours they reasonably devoted to the representation. *See, e.g.*, *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1491–92 (11th Cir.1994) (applying the lodestar method of calculating attorney's fees in a Title VII case); *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate") (attorneys' fees pursuant to 42 U.S.C. § 1988).

Ms. Marshall shows below, via her counsels' declarations, and the declaration of attorney Amanda Farahany of Barrett & Farahany, that the time her counsel invested in this case was reasonable and, in fact, necessary to achieve

complete victory at trial. Ms. Marshall also shows that her attorneys' hourly rates are reasonable because they are in line with the rates charged by similarly experienced attorneys in the Atlanta legal community for similar work. Even though Ms. Marshall's lawyers were retained on a contingency fee basis in this case, each of her attorneys regularly does hourly work at the same rates they request to be awarded in this case. [*See* Declaration of Edward D. Buckley ("Buckley Dec.") ¶ 6 attached as Exhibit C; Declaration of J. Kyle Brooks ("Brooks Dec.") ¶¶ 9-12 attached as Exhibit D]. Finally, all reasonable expenses Ms. Marshall's attorneys incurred in prosecuting her case should be awarded. Ms. Marshall respectfully requests the Court award the full amount of fees and expenses requested.

### A. Ms. Marshall is a Prevailing Party and is Therefore Entitled to an Award of Fees and Expenses

Because Plaintiff is a prevailing party entitled to attorney's fees and costs, "the lodestar figure represents a presumptively reasonable fee." *Penn. v. Delaware Valley Citizens Council*, 478 U.S. 546, 565 (1986) ([A] "strong presumption that the lodestar figure . . . represents a 'reasonable' fee is wholly consistent with the rationale behind the usual fee-shifting statute"); *Walters v. City of Atlanta*, 652 F. Supp. 755, 757-58 (N.D. Ga. 1985). The lodestar amount is determined by

multiplying a reasonable hourly rate by the hours reasonably expended and then accounting for other considerations that may require an enhancement or reduction of the fee. *Norman v. Housing Auth. of Montgomery,* 836 F.2d 1292, 1302 (11th Cir. 1988). The standard of reasonableness in determining the amount of attorney's fees is to be given a "liberal interpretation." *Dowdell v. City of Apopka*, 698 F.2d 1181, 1191-92 (11th Cir. 1983).

As shown below, the Court should award Ms. Marshall's attorneys their fees and expenses as determined by the "lodestar" method. Because Ms. Marshall's counsel invested reasonable time and charged reasonable rates, there is no basis for reducing the lodestar. *Penn*, 478 U.S. 546.

### B. The Time Ms. Marshall's Attorneys Invested in the Case Was Reasonable and Necessary to Achieve Victory

#### 1. The Time Recorded

In determining whether counsel expended a reasonable amount of time on a case, a court looks first to the time the attorneys recorded. *Hensley*, 461 U.S. at 433 (the hours counsel spent on the case are "[t]he most useful starting point for determining the amount of a reasonable fee"). The time for which attorneys should be compensated includes, not just time spent on the litigation, but also the time "spent on administrative proceedings to enforce the civil rights claim prior to the litigation." *North Carolina Dept. of Transp. v. Crest Street Community Council,*

*Inc.,* 479 U.S. 6, 15 (1986); *see also Yule v. Jones*, 766 F. Supp.2d 1333, 1338 (N.D. Ga. Oct. 21. 2010) (Duffey, *J.*); *Webb v. Board of Ed.,* 471 U.S. 234, 243 (1985) (allowing compensation for pre-litigation services in preparation of suit).

The attorneys and paralegals at Buckley Bala Wilson Mew LLP devoted the following time to the case through the filing of this fee petition, which Ms. Marshall requests be awarded: Edward D. Buckley: 64.50 hours; J. Kyle Brooks 237.70 hours; Jay Pontrelli: 11.10 hours; paralegal Bernadette Seals: 110.10 hours.

Next, a court assesses the reasonableness of the time recorded. Counsel must exercise "billing judgment" in determining the hours reasonably expended on the merits; however, counsel's certification that the work itemized has, in fact, been performed is "entitled to considerable weight on the issue of time required…" *Perkins v. Mobile Housing Bd.*, 847 F.2d 735, 738 (11th Cir. 1988). Because counsel's sworn testimony is of such importance, for the time to be reduced, "it must appear that the time claimed is obviously and convincingly excessive under the circumstances." *Perkins*, 847 F.2d at 738.

In support of this fee petition, Ms. Marshall's lead counsel, Mr. Buckley, and his partner Mr. Brooks, have each submitted declarations detailing their work on the case, attesting that they contemporaneously recorded their time, and stating that, in their professional judgment, the time they spent was reasonable and

necessary to the case. In the exercise of billing judgment, counsel's hours were reduced for any time that could be construed as "excessive, redundant, or inefficient." *Id.*; *see also In Re Domestic Air Transp. Antitrust Litigation*, 148 F.R.D. 297, 354 (N.D. Ga. 1993).

Before submitting this fee petition, Mr. Buckley reviewed each time entry for every timekeeper in the exercise of sound billing judgment. (Buckley Dec. ¶ 14). Mr. Buckley removed from billing statements any entries he felt were duplicative or which reflected hours not reasonably necessary for the effective representation of Ms. Marshall. (Buckley Dec. ¶ 14). Further, as discussed more fully below, Amanda Farahany, who has over 25 years' experience handling employment cases, has reviewed all of the time entries of Ms. Marshall's attorneys and provided her own independent declaration attesting to the reasonableness of the time spent. [*See* Farahany Declaration (Farahany Dec.") attached as Exhibit E].

### 2. The Court Should Award All of the Hours Requested

In addition to considering the declarations of Ms. Marshall's litigation counsel and Ms. Farahany's declaration, the Court may, but is not obliged to, consider any or all the factors set forth in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1979) (abrogated to extent that contingent fee does not affect lodestar calculation). *See also Hensley*, 461 U.S. at 424; *Norman*, 836

F.2d at 1299.

In *Johnson*, the court found that twelve factors can be considered by trial courts in awarding statutory attorneys' fees in civil rights cases: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case: (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id. See also Loranger v. Stierheim,* 10 F.3d 776, 781 & n. 6 (11th Cir. 1994) (citing with approval the *Johnson* "factors that district courts should balance in fashioning fee awards" although noting that the *Johnson* "balancing test has since been displaced by the lodestar formula . . . [for use] in establishing a reasonable hourly rate").

Several *Johnson* factors apply here; all such factors indicate that Ms. Marshall's attorneys should be awarded fees commensurate to all the time they have invested in this case.

**a. Time and Labor Required**

Ms. Marshall's counsel represented her through every phase of the legal process culminating in her victory at trial. They prepared the EEOC charge, represented her before the EEOC, filed and supplemented the complaint, tried the case, and obtained a jury verdict as to all claims.

**b. Amount Involved and Results Obtained**

Ms. Marshall obtained a jury verdict in her favor in the total amount of $3,470,393.82, including a verdict against Defendant Meyer for punitive damages in the amount of $3,000,000.00. That is an exceptional result. In *Hensley,* the Supreme Court held that the result obtained is an important factor in the determination of the attorney's fees, the ultimate determination to be made is the extent to which the plaintiff prevailed on her claims. *Hensley*, 461 U.S. at 435. The public benefit advanced by civil rights litigation is also an extremely important consideration. *City of Riverside v. Rivera*, 477 U.S. 561, 575 (1989).

Insofar as the value to the public is concerned, it is important to highlight the role of private enforcement of civil rights laws. It has been held that the public good is "most meaningfully served by the day-to-day private enforcement of [civil] rights, which secures compliance and deters future violations." *Quarantion v. Tiffany & Co.*, 166 F.3d 422, 426 (2nd Cir. 1999). In this case, the jury determined

that the Defendants discriminated against Ms. Marshall because of her race and sex and that Plaintiff was sexually harassed. The jury's verdict corrects a substantial wrong. The verdict deters future improper conduct and represents a "specific spill-over of benefits for non-parties,"[2] thereby buttressing the significance of the relief and an award of a full compensatory fee. *Popham v. City of Kennesaw*, 820 F.2d 1570, 1580 (11th Cir. 1987).

**c. Skills of the Attorneys**

Ms. Marshall's attorneys have each submitted affidavits attesting to their experience and expertise in plaintiff's side employment cases, and the declaration from attorney Amanda Farahany corroborates the skill of her trial attorneys. Mr. Buckley and Mr. Brooks each devote their practices to plaintiff's employment cases. Between them, they have represented hundreds of plaintiffs in discrimination and retaliation cases. Beyond their experience and prior achievements, perhaps the greatest testament to their skill in this case is this: they not only won, but they obtained a large punitive damages award. Attorneys Buckley and Brooks have many years of experience both as attorneys and advocates for employees in civil rights cases. Accordingly, and based upon each of

[2] One of the arguments made to the jury was that the public and specifically other women should be protected from conduct like that experienced by Ms. Marshall.

the above factors, the hours expended should be deemed reasonable.

**d. The Experience, Reputation and Ability of the Attorneys**

In assessing a reasonable hourly rate for Plaintiff's counsel, this Court must evaluate the attorneys' "knowledge of trial practice and knowledge of the substantive law." *Norman*, 836 F.2d at 1301. The experience, reputation and ability of the lawyers is set forth in their declarations, as well as Ms. Farahany's declaration. Plaintiff's trial counsel's collective experience includes well over 50 years' experience devoted to civil rights litigation and individual skills developed in years of employment work and numerous trials involving employment and civil rights cases.

**e. The Undesirability of the Case**

Courts have recognized that civil rights and employment cases are undesirable and thus warrant payment of a higher fee to attract competent counsel. *Johnson v. Georgia Highway Express*, 488 F.2d at 719. Some of the most common reasons that civil rights and employment discrimination cases are viewed as undesirable by many members of the bar are the undesirable scrutiny of the attorney's fee phase, the long delay and uncertainty in payment, the inability of most plaintiffs to pay for routine expenses and attorney's fees, the fact many cases

are lost without compensation or reimbursement, appeals are required in a high number of cases, and the fact that identification of the attorney with such cases tends to discourage other types of clients from hiring his or her services.

This Court should consider the inherent disparity of resources between a civil rights plaintiff and those of the Defendants,[3] a disparity which contributes significantly to the undesirability of these cases. For example, a plaintiff will incur significant costs to vigorously pursue her claims, but often she will not have the funds to fully pay costs as they are accrued; hence, the plaintiff's counsel may not always recover their costs until a settlement or judgment is reached.

### III. Preclusion of Other Employment

Buckley Bala Wilson Mew LLP has 11 attorneys and 3 paralegals (including one who is of counsel and does not focus on employment law). The firm invested 427.80 professional hours in this case, receiving contemporaneous payment for none of that time, since the firm was retained on a contingent fee. The firm receives an average of over 100 inquiries per week from potential clients, and it can represent only a very small percentage of them given the time investment necessary to successfully prosecute employment cases. (Buckley Dec. ¶ 12).

[3] As noted during testimony at trial, the Defendant Myers bragged that he kept a lawyer on $10,000.00 retainer as part of his campaign of intimidation.

The time the firm invested in the *Marshall* matter represents a major investment of resources that might have been devoted to other matters, some of which might have paid by the hour and/or resolved more quickly. To fully understand the significance of the risk, one need only imagine how few defense firms would be willing to defend these cases if their payment was conditioned on victory.

**IV. Nature/Length of the Professional Relationship**

The former Fifth Circuit has stated that a lawyer "may vary his fee for similar work in the light of the professional relationship of the client with his office." *Johnson*, 488 F.2d at 719. In employment cases, this factor is significant because lawyers taking such cases rarely develop any longstanding relationship with a client in terms of repeat business.

As noted above, Buckley Bala Wilson Mew LLP has represented Ms. Marshall since August 24, 2021, several weeks after she was constructively discharged and continuing through the present. The firm prosecuted her case through the EEOC, in federal court, and through a jury verdict. Unlike in many other areas of practice, where such a long professional relationship would carry the prospect of more business from the client in the future, Buckley Bala Wilson Mew LLP enjoys no such benefit from the long representation; to the contrary, the hope

is that Ms. Marshall will never require the firm's services again. Accordingly, the employment lawyer has only the one fee he can expect from a client's case if he or she is successful. The award of the full fee and all expenses sought would go far in leveling what would otherwise be a vastly uneven playing field.

**V. The Customary Fee**

Reasonable hourly rates are the prevailing market rates "in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The relevant community is ordinarily defined as the locale where the case was filed. *Cullens v. Ga. Dep't of Transp.,* 29 F.3d 1489, 1494 (11th Cir.1994). As stated in the declarations of Plaintiff's counsel and that of attorney Amanda Farahany, the rates requested in this case are well within counsels' normal billing rates for similar cases and in line with previous fee awards. *See* Buckley Dec. ¶¶ 6, 8, 9, 11. These hourly rates are also within the fee parameters customarily charged by lawyers of comparable skill and experience in the relevant legal community for work of this kind. *Id.*

**VI. Ms. Marshall's Attorneys' Rates are Reasonable.**

The lodestar "reasonable rate" is "based on reasonable standards in the community for attorneys of similar experience in handling similar cases." *In re Domestic Air Transp. Litigation*, 148 F.R.D. at 355. Applying the attorneys' *current* rates to *all* the work done in the case, as Ms. Marshall's counsel have done

in their billing statements presented here, "properly accounts for inflation and delay in receipt of payment …." *Id; Missouri v. Jenkins*, 109 S.Ct. 2463, 2469 (1989) ("an appropriate adjustment for delay in payment--whether by application of current rather than historic hourly rates or otherwise").

Ms. Marshall requests her counsel be awarded the following rates: Mr. Buckley: $575 per hour; Mr. Brooks: $450 per hour; Mr. Pontrelli $400 per hour and paralegal Bernadette Seals: $150 per hour. Ms. Farahany, whose practice is very similar to that of Ms. Marshall's attorneys and who practices in the same market, states in her declaration that the rates charged for each lawyer and paralegal by Buckley Bala Wilson Mew are reasonable and customary for the various specific tasks and for the complexity of the issues involved in this litigation. (Farahany Dec. ¶ 23).

Significantly, each of Ms. Marshall's attorneys, in addition to her contingent fee cases, also handles matters on an hourly basis. The rates at which each of Ms. Marshall's counsel bill, and receive payment, in their hourly matters are the same rates they are requesting be awarded here. (Buckley Dec. ¶6; Brooks Dec. ¶ 11). Thus, the rates Ms. Marshall's counsel request are not rates they invented for the fee petition; they are the actual rates at which each attorney routinely bills for his services on an hourly basis. That the market compensates Ms. Marshall's counsel

at the requested rates is compelling evidence that those rates are, in fact, the lodestar "reasonable" market rates. *Dillard v. City of Greensboro*, 213 F.3d 1347, 1354-55 (11th Cir. 2000) ("What [plaintiff's counsel] charges clients is powerful, and perhaps the best, evidence of his market rate; that is most likely to be what he is paid as 'determined by supply and demand'").

## VII. The Expenses Ms. Marshall's Attorneys Incurred were Reasonable and Necessary to the Victory

As the prevailing party, Ms. Marshall is entitled to an award for the expenses her counsel invested in the case beyond merely the statutorily mandated expenses she has separately sought in her Bill of Costs.

> [W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs ... and the standard of reasonableness is to be given a liberal interpretation.

*N.A.A.C.P. v. City of Evergreen, Ala.*, 812 F.2d 1332, 1337 (1987) (quoting *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983)); *see also ACLU of Ga. v. Barnes,* 168 F.3d 423, 438 (11th Cir. 1999). "The guideline on what is includable must be that which is appropriate in the context of the attorney-client relationship, the substantive and procedural nature of the case, and the climate in which the litigation is conducted." *Dowdell*, 698 F.2d at 1192. Thus, "[i]n this circuit the recoverability of costs is determined by the necessities of the case; even

relatively large or unusual costs may be taxed when they are reasonably incurred; and there is no bar to complete recovery." *Id.* at 1191. "In other words, any expenses incurred during the course of litigation which are normally billed to fee-paying clients should be taxed ….." *Johnson v. Mortham*, 950 F. Supp. 1117, 1126 (M.D.Fla. 1996).

> Reasonable attorneys' fees ... must include reasonable expenses because attorneys' fees and expenses are inseparably intertwined as equally vital components of the costs of litigation. The factually complex and protracted nature of civil rights litigation frequently makes it necessary to make sizeable out-of-pocket expenditures which may be as essential to success as the intellectual skills of the attorneys. If these costs are not taxable, and the client, as is often the case, cannot afford to pay them, they must be born by counsel, reducing the fees award correspondingly.

*Dowdell v. City of Apopka*, 698 F.2d at 1189-90.

The expenses Ms. Marshall seeks are no different from those allowed under the cited authority insofar as they were necessary to litigate her case properly and fully. They reflect charges for such items as focus groups to probe for the best way to present the case to a jury subpoena fees, research, copy charges, postage fees, courier fees, and travel expenses. (Buckley Dec. ¶ 18).

Ms. Marshall's largest costs were trial preparation including focus groups, and trial presentation. Accordingly, Ms. Marshall requests out-of-pocket expenses detailed in Exhibit A, the Bill of Costs, in the amount of $4,670.10.

## CONCLUSION

For these reasons, and those set forth in the accompanying declarations, Ms. Marshall respectfully requests the Court award the full fees and expenses requested: $166,407.50 in attorneys' fees and $4,610.10 in expenses, with additional fees to be awarded via subsequent petition following this and any other post-trial briefing.

**BUCKLEY BALA WILSON MEW LLP**

*/s/ Edward D. Buckley*
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@bbwmlaw.com
J. Kyle Brooks
Georgia Bar No. 773561
kbrooks@bbwmlaw.com

600 Peachtree Street NE
Suite 3900
Atlanta, GA 30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101

**CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as approved by the Court in LR 5.1B.

**BUCKLEY BALA WILSON MEW LLP**

*/s/ Edward D. Buckley*
Edward D. Buckley
Georgia Bar No. 092750

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| TIPHONY MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO.: 1:21-CV-05186-SDG |
| v. | ) | |
| | ) | |
| TIDAL WAVE RESPONSE, LLC | ) | JURY TRIAL DEMANDED |
| and JOHN MYERS, | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2024, I electronically filed the foregoing **BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES** with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Cory J. Wright - cwright@wnpllp.com
Devin Phillips - dphillips@wnpllp.com
Eric J. Nathan - nathan@wnpllp.com
Gabrielle Elaine Espy - gespy@wnpllp.com

**BUCKLEY BALA WILSON MEW LLP**

*/s/ Edward D. Buckley*
Edward D. Buckley
Georgia Bar No. 09270