# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| TIPHONY MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO.: 1:21-CV-05186-SDG |
| vs. | ) | |
| | ) | |
| TIDAL WAVE RESPONSE, LLC | ) | JURY TRIAL DEMANDED |
| and JOHN MYERS, | ) | |
| | ) | |
| Defendants. | ) | |

**DECLARATION OF J. KYLE BROOKS**
**IN SUPPORT OF PLAINTIFF'S PETITION FOR ATTORNEYS' FEES**

1. My name is Joshua Kyle Brooks. I am 37 years old, and I suffer from no legal disabilities. All statements in this declaration are made based upon my personal knowledge of the facts stated herein. I make this Declaration for use in support of the Fee Petition filed in connection with the above-captioned case and the reasonableness of the attorney's fees and costs claimed therein.

**My Background and Experience**

2. I am an attorney. I graduated from Mercer University with a B.B.A. in 2008, and I received my J.D. degree from Georgia State University's College of Law in 2013.

3. I was admitted to practice in the state courts of Georgia, including all appellate courts, in November 2013; in August 2014, I was admitted to

practice before the United States District Court for the Northern District of Georgia. In 2015, I was admitted to practice before the United States District Courts for the Middle and Southern Districts of Georgia, as well as the Eleventh Circuit Court of Appeals. I am admitted in good standing in all of the above-listed courts and have never been the subject of any disciplinary proceeding. I am also a member of the Atlanta Georgia Chapter of the National Employment Lawyers Association.

4. Upon graduating from law school, I went into private practice, where I focused on business litigation, personal injury, and civil rights cases involving police misconduct.

5. I subsequently worked for the Georgia Department of Law, where I practiced for approximately six years, handling civil rights and constitutional litigation under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments, as well as issues pertaining to race and sex discrimination, disability discrimination, sovereign immunity, qualified immunity, prosecutorial and judicial immunity. During my time with the Georgia Department of Law, I was often responsible for handling complex litigation and cases involving high risk to my clients, including multiple wrongful death cases and cases involving allegedly severe physical and emotional injuries.

6. I joined Buckley Bala Wilson Mew LLP (previously Buckley Beal

LLP) in 2021, where I am currently a partner. My practice focuses primarily on plaintiff's-side employment law and litigation, as well as civil rights litigation.

7. I have litigated numerous employment and civil rights disputes, and I have taken and defended numerous depositions and have been the primary drafter of numerous legal briefs on case-dispositive motions.

8. Including the trial of this case, I have litigated eight civil jury trials in the federal courts of this state, serving as first-chair counsel in three of those trials, with each such trial resulting in a verdict in favor of my clients on all claims asserted.

**My Hourly Rate**

9. My current hourly rate is $450.00 per hour.

10. In addition to my contingent-fee based plaintiff's side employment cases, I do a significant amount of work on an hourly basis in matters such as employment discrimination cases, severance negotiations, and disputes over restrictive covenants.

11. When I do work on an hourly basis, I routinely charge, and receive payment at, my hourly rate of $450.00 per hour.

12. I charge the same hourly rate to my hourly-paying clients as I am requesting be awarded for my work on this case.

**My Work on this Case**

13. With oversight from lead counsel, Edward D. Buckley, my work on the *Marshall* matter included, but was not limited to, the following:

a. Preparing Plaintiff's initial and supplemental Complaints (Docs. 1 and 12);

b. Preparing Plaintiff's pre-trial motions and briefing (Docs. 6, 7,
c. 11, 16, 17, etc.);

d. Drafting the Proposed Consolidated Pre-Trial Order and documents related thereto;

e. Preparing the case for trial, including:

i. Physically reviewing every piece of paper in the file to ensure that Plaintiff's trial exhibits were organized and accurately identified on the exhibit list;

ii. Conducting a focus group;

iii. Multiple in-person trial preparation meetings with Mrs. Marshall and Mr. Marshall;

iv. Preparing Erikka Bolding for her trial testimony;

v. Researching and briefing legal and evidentiary issues anticipated to arise at trial.

vi. Preparing the Plaintiff's Requests to Charge and motions in limine;

vii. Participating as counsel for Tiphony Marshall at the trial of this case; and,

viii. Preparing the Plaintiff's post-judgment motions, including her motion for equitable relief and portions of her fee and expense petition.

14. All the time I have billed in this case was, in my judgment, reasonable and necessary to provide proper representation to Mrs. Marshall. The records I made in Exhibit B to Plaintiff's Motion for Award of Attorney's Fees and Expenses for the time I billed in the matter are contemporaneous. The time was recorded at the time services were rendered and input into a computer program which maintains those records for our firm. I reviewed all my time billed and did not include any time which, in my billing judgment, was not necessary or was duplicative. That time was necessary to prosecute this case and is a reasonable fee for relentlessly pursuing claims through trial in an employment discrimination and retaliation case.

15. I declare under penalty of perjury under the laws of the United States, pursuant to 28 U.S.C. §1746, that the foregoing is true and correct based on my knowledge, information, and belief.

Executed this 1st day of February, 2024.

J. Kyle Brooks
Georgia Bar No. 773561