## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TIPHONY MARSHALL,

    Plaintiff,

               v.

TIDAL WAVE RESPONSE, LLC, and JOHN MYERS,

    Defendants.

Civil Action No.
1:21-cv-05186-SDG

## OPINION AND ORDER

This matter is before the Court on Plaintiff Tiphony Marshall's post-verdict motions for equitable relief [ECF 44] and attorneys' fees and costs [ECF 50]. For the following reasons, Marshall's motions are **GRANTED**.

On November 2, 2023, a jury returned a verdict of $3,470,393.82 in favor of Marshall against Defendants Tidal Wave Response, LLC and John Myers, under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, for race and sex discrimination, racial and sexual harassment, and retaliation.[1] Marshall—who, having secured an "enforceable judgment on the merits," is a "prevailing party" under both Title VII and § 1981, *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 422 (2016)—now asks for equitable relief in the form of front pay and prejudgment

---

[1] ECF 43. The jury trial was only for damages, as Tidal Wave's and Myers's liability had already been determined by the Court's order granting Marshall's motion for default judgment. ECF 22.

interest,[2] and for attorneys' fees and taxable costs.[3] The Court addresses her requests in turn.

First, the equitable relief. Marshall's request would be routine but for a legal quirk: Tidal Wave and Myers are responsible for the same discriminatory conduct; yet Tidal Wave is liable to Marshall under *both* § 1981 and Title VII, whereas Myers is liable to Marshall under *only* § 1981.[4] The discrepancy arises because Tidal Wave (Marshall's former employer) is legally distinct from Myers (Tidal Wave's supervisory employee whose discriminatory conduct was imputed to Tidal Wave), *see Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991), and because Title VII imposes liability on employers only, whereas § 1981 imposes liability on both employers and their supervisory employees. *Id.* The practical upshot is that, if Marshall wants to collect front pay and prejudgment interest from either Tidal Wave *or* Myers (rather than just Tidal Wave), she must do so under § 1981. Unfortunately for the Court, most of the binding case law addressing front pay and prejudgment interest comes under Title VII.

Under Title VII, the rules are clear. Section 706(g) of Title VII authorizes the award of any "equitable relief as the court deems appropriate," including both

---

[2]    ECF 44.

[3]    ECF 50.

[4]    *See* ECF 43.

front pay and prejudgment interest. 42 U.S.C. § 2000e-5(g)(1); *EEOC v. W&O, Inc.*, 213 F.3d 600, 619 (11th Cir. 2000) (holding that district courts may equitably award front pay under § 706(g)); *Loeffler v. Frank*, 486 U.S. 549, 564 (1988) (holding that § 706(g) "provides for prejudgment interest in a Title VII suit against a private employer"). Front pay is presumptively awarded to a prevailing Title VII plaintiff where "discord and antagonism between the parties would render reinstatement ineffective as a make-whole remedy." *Weatherly v. Ala. State Univ.*, 728 F. 3d 1263, 1272 (11th Cir. 2013). And prejudgment interest may, at a court's discretion, be awarded under the formula prescribed by the National Labor Relations Act (NLRA). *EEOC v. Guardian Pools, Inc.*, 828 F.2d 1507, 1512 (11th Cir. 1987); *but see Mock v. Bell Helicopter Textron, Inc.*, 2007 WL 2774230, at *5 (M.D. Fla. Sept. 24, 2007) (calculating prejudgment interest in an age discrimination case under 28 U.S.C. § 1961), *aff'd*, 313 F. App'x 279 (11th Cir. 2009).

Here, Marshall is awarded both front pay and prejudgment interest under Title VII. Front pay is awarded because Marshall is a prevailing Title VII plaintiff who has proven several times over, given the torrent of racial and sexual abuse that Myers inflicted on her at Tidal Wave, that reinstatement would be the opposite of a remedy in this case. Marshall's front pay is the difference between $139.92 (her average daily pay and benefits at Tidal Wave between January 1, 2020, and August 6, 2021, when she tendered her resignation) and $113.53 (her average

daily pay and benefits at her subsequent employer between January 1 and November 9, 2023) multiplied by a reasonable period of 1277.5 days (three and a half years, roughly the amount of time she was employed by Tidal Wave), or $33,713.23.[5] Marshall is also awarded prejudgment interest of $1,981.29, which the Court finds is consistent with the jury verdict and calculated pursuant to the NLRA using the Internal Revenue Service's interest rates for unpaid taxes.[6]

The Court concludes that Marshall is also entitled to front pay and prejudgment interest under § 1981 in the same amounts as under Title VII—though the rules here are less clear—for three reasons. First, the Court is unaware of any case law precluding equitable relief under § 1981. Second, the Eleventh Circuit has reasoned analogously in other employment discrimination cases, for example by applying the substantive elements of Title VII to § 1981, *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008), or by applying the damages rules of the NRLA to Title VII, *Guardian Pools*, 828 F.2d at 1512. And third, other district courts in this Circuit have recognized the availability of front pay and prejudgment interest in § 1981 cases. *Kesington v. Interim Physicians, Inc.*, 2009 WL 10666062, at *10 (N.D. Ga. Dec. 8, 2009) ("Prevailing … § 1981 plaintiffs may recover … front pay."); *Collins v. Andrews*, 2022 WL 4537875, at *8 (M.D. Ala. Sept. 28, 2022)

---

[5]   ECF 44-1, at 7.

[6]   *See* ECF 44-1, at 9–10, 9 n.4; ECF 44-3, at 2.

(awarding prejudgment interest under § 1981). Marshall can accordingly collect front pay and prejudgment interest from Tidal Wave under both Title VII and § 1981, and from Myers under § 1981.

Second, Marshall is awarded statutory attorneys' fees and taxable costs under both Title VII and § 1981. 42 U.S.C. § 2000e-5(k); 42 U.S.C. § 1988(b). Fees and costs are awarded according to the "sound discretion" of the trial judge, *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010). In determining costs, courts are generally limited to what has been specifically identified as a taxable cost by 28 U.S.C. § 1920. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). In determining attorneys' fees, courts in the Eleventh Circuit begin with the so-called "lodestar" amount, calculated by multiplying the "hours reasonably expended" by the "reasonable hourly rate." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The lodestar amount is strongly presumed to be equal to the reasonable fee. *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (per curiam). Courts may, however, adjust the lodestar up or down depending on factors like the quality of the representation, any time spent litigating unsuccessful claims, an exceptionally good result, the potential for non-recovery inherent in a contingent fee arrangement, and the potential for delay in the plaintiff's counsel's receipt of payment. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988).

Here, Marshall requests the following fees and costs:

1.    $166,407.50 in attorneys' fees, for 427.80 total hours of work by six people, distributed as follows:[7]

    a.    Edward D. Buckley: $37,087.50, for 64.5 hours at $575 per hour;

    b.    Joshua K. Brooks: $106,965.00, for 237.7 hours at $450 per hour;

    c.    Fatisha H. Martinez: $105.00, for 0.7 hours at $150 per hour;

    d.    Bernadette Seals: $16,515.00, for 110.1 hours at $150 per hour;

    e.    Camille Mashman: $1,295.00, for 3.7 hours at $350 per hour; and

    f.    Paul J. Pontrelli: $4,440, for 11.1 hours at $400 per hour; and

2.    $4,670.10 in costs, distributed as follows:[8]

    a.    Filing fee: $402.00;

    b.    Service of process expenses: $1,080.83;

    c.    Printing costs: $118.65;

    d.    Witness costs: $114.72;

    e.    Copying costs: $1,650.00;

    f.    Docket fees: $4.90;

    g.    Focus group expenses: $1,299.00.

The Court finds that the requested fees for Buckley, Brooks, Seals, and Pontrelli are reasonable, but that the requested fees for Martinez and Mashman are not. For Buckley, Brooks, Seals, and Pontrelli, the Court easily concludes that

---

[7]    ECF 50-3, at 12.

[8]    ECF 50-2, at 1–2.

the lodestar amount is reasonable, given the attorneys' and paralegal's experience and qualifications, the prevailing market rate in Atlanta for similar services by professionals of reasonably comparable skills and experience, *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994), and the efforts made to litigate this case efficiently. The Court concludes with equal ease that the full lodestar amount should be awarded, given the quality of representation, the result obtained, the contingent fee arrangement, and the delay in the receipt of payment. However, for Martinez and Marshman, whose experience and qualifications have not been provided, the Court cannot determine reasonable hourly fees. Moreover, the low number of total hours that each billed suggests that their work could have been more efficiently completed by one of the primary timekeepers on the matter. Marshall is accordingly awarded attorney's fees of $165,007.50 for the work performed by Buckley, Brooks, Seals, and Pontrelli only.

The Court additionally finds that Marshall's requested costs are authorized by § 1920, with the exception of focus group expenses. Marshall presents affidavits explaining the value of focus groups in trial preparation, both generally[9] and for this particular case,[10] and the Court has no doubt that the use of focus groups helped Marshall obtain her desired result at trial. Nevertheless, Marshall provides

---

[9]   ECF 50-6, ¶ 21, at 8.

[10]   ECF 50-4, ¶ 15, at 9.

no legal justification for the reimbursement of focus group expenses as a taxable cost, under § 1920 or otherwise. And the Court cannot fit Marshall's focus group expenses into any of the categories of taxable costs enumerated in § 1920. Marshall is accordingly awarded costs of $3,371.10 for all her requested costs sans focus group expenses. Because Marshall is awarded fees and costs premised on the Defendants' liability under § 1981, she may collect the full amount from either Tidal Wave or Myers.

Plaintiff's motions for equitable relief [ECF 44] and for fees and costs [ECF 50] are **GRANTED**. Marshall is awarded $33,713.23 in front pay, $1,981.29 in prejudgment interest, $165,007.50 in attorney's fees, and $3,371.10 in costs.

**SO ORDERED** this 26th day of March, 2024.

Steven D. Grimberg
United States District Judge